IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 CR 1115-3 |
| | ) | |
| **LEONEL DURAN**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Because of the unusual circumstances surrounding the designation of a courtroom deputy to serve this Court as the replacement for a courtroom deputy whose long tenure with this District Court had covered both civil and criminal cases,[1] it became necessary for this Court to end its unbroken string of well over three decades of handling both those branches of federal jurisprudence by eliminating the criminal side of its calendar. One unfortunate byproduct of that change was that the periodic reports obtained by this Court covering matters pending on cases assigned to its calendar no longer dealt with criminal cases, so that the change involved not only a cessation of assignments of new criminal cases to this Court but also the absence of any information conveyed to this Court about filings relating to cases that it had handled and disposed of over the years.

---

[1] There is no need to recount those unusual circumstances -- instead the relevant fact is the nature of the consequences described in the text.

What has occasioned this memorandum order is the fact that Leonel Duran ("Duran"), whom this Court tried and sentenced about a decade after he had been indicted here (note the "01 CR" caption on this memorandum order) because he had fled to Mexico and remained a fugitive for that lengthy period before his apprehension, filed a pro se motion in early January 2015 for the appointment of counsel to represent him in an effort to obtain a sentence reduction pursuant to Sentencing Guidelines Amendment 782. Although that motion was granted by the appointment of a member of this District Court's Federal Defender Program on August 31, 2015, this Court was totally unaware of those developments until the appointed counsel filed a "status report" on January 31 of this year (!), with this Court's name being shown in the caption of that filing (so that a copy of the report was delivered to this Court's chambers).

To say the least, it is bizarre for that "status report" to lay at this Court's doorstep the failure to "set a briefing schedule" on a motion of which it had absolutely no knowledge. But because Duran's appointed counsel also states that she "has nothing to add at this time," this Court orders that an Assistant United States Attorney should be assigned to the case and, after reviewing the criminal file and the relevant caselaw, should file a response to Duran's motion on or before March 16, 2017, with paper copies of that response being delivered to Duran's appointed counsel and to this Court's chambers. This Court will promptly determine what further proceedings are to be called for.

                                                                        *[signature]*
_____
                                                                     Milton I. Shadur
                                                                     Senior United States District Judge

Date: February 9, 2017