IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 CR 1115-3 |
| | ) | |
| LEONEL DURAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

As this Court has earlier explained in its brief February 9, 2017 memorandum order (the "Order"), the odd interaction of some fortuitous circumstances -- fortuitous in the negative sense -- compelled this Court to end its unbroken string of well over three decades of handling both those branches of federal jurisprudence by eliminating the criminal side of its calendar (Order at 1). One particularly unfortunate instance of the consequences of that change was that this Court was totally unaware that Leonel Duran ("Duran") had "filed a pro se motion in early January 2015 for the appointment of counsel to represent him in an effort to obtain a sentence reduction pursuant to Sentencing Guidelines Amendment 782" (id. at 2) and that the "motion was granted by the appointment of a member of this District Court's federal defender program on August 31, 2015" (id.).

It was not until January 31, 2017 that this Court learned of those much earlier 2015 developments when the appointed counsel filed a "status report" and included this Court's name in the caption of that filing, so that a copy of the report was then delivered to this Court's chambers. Although the appointed counsel stated in that report that she "has nothing to add at this time," this Court promptly ordered "that an Assistant United States Attorney should be

assigned to the case and, after reviewing the criminal file and the relevant caselaw, should file a response to Duran's motion on or before March 16, 2017, with paper copies of that response being delivered to Duran's appointed counsel and to this Court's chambers" (Order at 2). With the government's response now having been timely filed, this memorandum opinion and order immediately addresses the Duran motion and the United States' response.

On the face of it, the United States' response appears compelling. In brief it urges that because Duran's ultimate sentence imposed by this Court post-<u>Booker</u> reduced Duran's custodial term to 300 months' imprisonment, while his newly calculated Guideline range under Amendment 782 was between 324 and 405 months of imprisonment (based on a retroactively reduced base level of 34, a new total adjusted offense level of 37 and Duran's criminal history category of V), 18 U.S.C. § 3582(c)(2) bars this Court from reducing Duran's term of imprisonment any further. That bar is confirmed by the decision in <u>Dillon v. United States</u>, 569 U.S. 817, 821-22 (2010).

Although the thorough and well-presented government response appears both persuasive and unexceptionable, this Court will defer its final ruling on Duran's motion until his appointed counsel has an opportunity to consider that response and speak to the issue. Accordingly Duran's counsel is granted until March 29 to weigh in on the matter (with a paper copy of any filing on any Duran's behalf to be delivered to this Court's chambers, as called for by LR 5.2(f)), at which point this Court will issue its definitive ruling.

                                                                                    Milton I. Shadur

Date: March 15, 2017                        Senior United States District Judge